IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VICKIE DARLENE MILLER and | ) | CASE NO. 08-70243 |
| JAMES EDWARD MILLER | ) | |
| | ) | |
| Debtors | ) | CHAPTER 7 |

## MEMORANDUM DECISION

The matter before the Court is the Debtors' Motion to Reinstate Case filed on March 28, 2008 and heard by the Court on May 12, 2008. Although the Motion was noticed to creditors, only the Debtors appeared. This case was dismissed on March 25, 2008 when the Debtors failed to appear at a hearing upon their Certification of Exigent Circumstances in connection with their failure to obtain an approved Credit Counseling Course within the 180 day period preceding the filing of their petition. At the May 12 hearing, Mrs. Miller testified that the reason she and her husband failed to appear at the scheduled March 25 hearing was that Mr. Miller did not receive any mailed notice of such hearing until March 27, two days after the hearing, and that Mrs. Miller had never received her individual notice. She brought with her the envelopes with attached Postal Service stickers they had received. The Court accepts the testimony of Mrs. Miller and finds that they failed to attend the March 25 hearing as a result of actual failure to receive in time the notice of hearing which was sent to them and that they are not to blame for such mishap.

As the Court advised Mrs. Miller during her testimony, however, that finding only gets the Debtors part of the way towards their goal of obtaining reinstatement of their case. In order to accomplish that it is their responsibility to establish also that their case should not have been dismissed on the existing facts and circumstances if a hearing had actually taken place. Unfortunately, this is where their Motion falls short.

This is the second case filed by the Millers, both times acting without legal assistance, within recent months. Their initial effort, Case No. 07-71831, was filed on November 15, 2007 and was dismissed on January 3, 2008. That dismissal occurred after they failed to obtain and/or file a certificate of completion with the Court of an approved Credit Counseling course as required by section 109(h) of the Bankruptcy Code. 11 U.S.C. § 109(h). They filed this case on February 14, 2008. Mrs. Miller did file with the Court in this case a certification that she had completed on January 8, 2008 an approved Debtor Education course, but this is not the Credit Counseling course required to be taken before filing by virtue of 11 U.S.C. § 109(h), but the Debtor Education course required by 11 U.S.C. § 727(a)(11) to be taken after filing to obtain a discharge. Mrs. Miller testified that she had taken the wrong course due to the choice provided by the online instruction because she was taking it after filing the first case, when she should have chosen the one to be taken before filing a new case. While this confusion is completely understandable and elicits the Court's sympathy as well as its empathy, it fails to meet the requirements of the statutory provisions, added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (commonly referred to as BAPCPA), which do not permit the Court to waive its exact requirements when bankruptcy debtors fail due to their ignorance of the legal requirements despite their good faith attempts to

fulfill them. Even though Mrs. Miller, who was the only debtor to testify at the May 12 hearing, impressed the Court as an intelligent and articulate person doing her best to navigate the unfamiliar requirements of the Bankruptcy Code in an effort to obtain relief which it appears from their schedules that she and her husband need, their predicament offers a telling illustration of how difficult it can be for people not possessing detailed specialized knowledge of the intricacies of the amended Code to file and successfully prosecute a successful bankruptcy case without the help of expert legal counsel. Accordingly, this case must join a long list of cases in this court preceding it which have been dismissed as a result of lack of knowledge on the filers' part that they were obliged before filing a petition in bankruptcy to have either completed an approved credit counseling course or to establish that a good faith attempt was made to obtain such instruction but that it could not be provided to them within five days of having made the request therefore. *See In re Thomason*, No. 05-75810 (Bankr. W.D. Va., January 6, 2006); *In re De La Rocha*, No. 05-75803 (Bankr. W.D. Va., January 26, 2006); *In re Loving*, No. 06-70183 (Bankr. W.D. Va., March 24, 2006); and *In re Wolford*, No. 05-75793 (Bankr. W.D. Va., April 19, 2006). For a published opinion to the same effect from the Bankruptcy Court for the Eastern District of Virginia, *see In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005).

It appears from a review of Mrs. Miller's request for a hearing upon the Court's deficiency notice regarding the lack of a credit counseling certificate that their filing was undertaken to stop a repossession of an automobile upon which they depend for transportation. Even if reinstatement of their case were authorized by the Court, however, it would not change the fact that the Court on March 20, 2008 entered a default order granting a motion for relief from the stay filed by RBS Citizens, N.A., formerly Citizens Automobile Finance, Inc. with

respect to a Ford Explorer motor vehicle upon the Debtors' failure to respond to the Court's pre-hearing order issued upon the filing of such relief motion.

Because the Debtors have failed to establish either that they obtained approved Credit Counseling education before filing their present petition or made a request to an approved agency for such a course which was not available to them within five days of making such request, as is explicitly required by 11 U.S.C. § 109(h), they are not eligible to be bankruptcy debtors in the present case and their Motion to Reinstate Case must be denied, which will be effected by a separate order entered contemporaneously herewith.

This 14th day of May, 2008.

_____
UNITED STATES BANKRUPTCY JUDGE